### AMERICAN CLEARING CO. v. WALKILL STOCK FARMS CO.

### ST. PAUL TRUST & SAVINGS BANK et al. v. SAME.

(District Court, S. D. Florida. September 25, 1923. On Petition for Rehearing October 8, 1923.)

#### Nos. 221, 222.

1. **Usury ⬳2(5)—Question governed by laws of state in which bonds payable.**

Whether the retention of $25,000 to cover commissions, etc., rendered bonds and coupons payable in Minnesota usurious was governed by the laws of that state.

2. **Corporations ⬳193—Objection that meeting authorizing trust deed was not in state of corporation's habitat, without merit, stockholders and directors participating in deed.**

Where all common stock holders and directors participated in a corporate trust deed, and there was a waiver of notice, etc., an objection that the meeting at which the deed was authorized was held in Florida, while the habitat of the corporation was in Ohio, is without merit.

3. **Corporations ⬳426(10)—Accepting benefits of transaction estopped to deny authority of officers.**

Where a corporation used the proceeds of a transaction in payment of its prior obligations, it will not be permitted to say that the acts of its officers were not authorized or that the persons acting for it were not its officers.

#### On Petition for Rehearing.

4. **Usury ⬳22—Acceleration of due date, resulting from failure to pay interest, held not to make bonds usurious.**

Where bonds were not usurious at the time of making the subsequent acceleration of the due date pursuant to the provisions of the deed of trust because of default in the payment of interest, taxes, etc., will not make them usurious.

5. **Evidence ⬳35—Cognizance of laws of other states taken, though not pleaded or proved.**

The Federal District Court will take cognizance of the laws of other states, though they are not pleaded or proved.

In Equity. Separate suits by the American Clearing Company and the St. Paul Trust & Savings Bank and others against the Walkill Stock Farms Company, consolidated for trial. Decrees for complainants.

See, also, 291 Fed. 212.

Cooper, Cooper & Osborne, of Jacksonville, Fla., for American Clearing Co.

Giles J. Patterson and Geo. C. Bedell, both of Jacksonville, Fla., for St. Paul Trust & Savings Bank.

Haley & Heintz, of Jacksonville, Fla., for Ohio receivers of Walkill Stock Farms Co.

John W. Dodge, of Jacksonville, Fla., for ancillary receiver of Walkill Stock Farms Co.

Philip S. May, of Jacksonville, Fla., for defendant corporation.

CALL, District Judge. On March 20, 1922, the American Clearing Company, a corporation of Delaware, filed its bill, ancillary to a suit already pending in Ohio, in which receivers had been appointed, praying

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for a receiver of defendant's property in this district, against the Walkill Stock Farms Company, an Ohio corporation. Two days subsequent, the St. Paul Trust & Savings Bank, formerly the Van Sant Trust Company, as trustee, filed its bill against the Farms Company and R. L. Dollings, seeking the foreclosure of a deed of trust to secure the payment of certain bonds.

On April 7, 1922, the complainant last above named filed an amendment to its bill, making Grant Van Sant a cocomplainant, and adding the Clearing Company as a codefendant. Subsequently an order was made consolidating the two causes. Afterwards the receiver of the Clearing Company, and the receivers of the Walkill Stock Farms Company appointed in Ohio suit, were made defendants, and they answered the amended bill. The Walkill Stock Farms Company did not answer, and a decree pro confesso was entered against it, but R. L. Dollings did answer. The cause on the amended bill proceeded, and testimony was taken on the issues made by the amended bill and the answers thereto. The same comes on now for a final hearing upon the amended bill, the answers thereto, and the testimony upon same.

Upon these issues I find: That in March, 1919, the Walkill Stock Farms Company, under its corporate seal, made and delivered to the Van Sant Trust Company and Grant Van Sant, as trustees, a deed of trust covering the lands therein described to secure an issue of bonds for the sum of $175,000: $25,000 to become due at the rate of $5,000 a year, commencing February 18, 1924, and the balance to become due in 1929. To each of these bonds coupon notes for the interest thereon at the rate of 6 per cent. per annum, payable semiannually, were attached. That the deed of trust covenanted, among other things, that the mortgagee would pay the principal and interest of all bonds issued thereunder according to the tenor and effect thereof to pay all taxes upon the property 10 days before they should become delinquent, all taxes upon the bonds, including state and federal income taxes, keep the property insured for its full insurable value. The deed of trust further provides that, if default be made in the payment of any interest, or taxes, insurance premiums, etc., the entire principal shall become immediately due and payable upon the election to that effect of the holders of 10 per cent. in interest of the bonds then outstanding. I further find from the testimony that $150,000 was paid over by the trustees to the Farms Company, and disbursed by it, or with its consent, in taking up incumbrances prior to the deed of trust, and other corporation purposes; that default was made in the payment of interest coupons, taxes, and insurance premiums prior to the filing of the bill of complaint herein; and that holders of 10 per cent. of the bonds in interest elected to declare the entire principal immediately due.

[1] It was contended in argument before me that no default was shown, because the sum of $25,000 was retained by the trustees to cover commissions, etc., and that such retention of such sum made the transaction usurious. This retention was with the consent of the corporation, and, the bonds and coupons being payable in Minnesota, the question of usury would be governed by the laws of that state. Nothing is shown in this record to demonstrate that such constitutes

usury under the laws of Minnesota, and unless such transaction was usurious, and by reason of such usurious withholding of the sum it could be said that the trustee had this amount in its hands, or a sufficient amount to have met the interest payments, taxes, etc., then unquestionably the defaults above found did occur.

[2, 3] The issue is also made in the pleadings and urged at the hearing that, because the meeting at which the deed of trust was authorized was held in Florida while the habitat of the corporation was Ohio, the officers were without authority to execute the deed of trust. This point, also, is not well taken. The record shows the participation of all the holders of common stock, the waiver of notice, etc. It further shows the participation of all the directors, two of them not present confirming the acts of those who were. It is also contended that, the directors not having taken the oath required by the law of Ohio, said officers had no power to act. There is nothing to show that these directors and officers were not holding over from a prior election, but the inference fairly arises from the testimony that they were. But in any event I am of opinion that the corporation is bound by their acts on the ground of estoppel. The corporation received the fruits of the transaction, used the proceeds in the payment of its prior obligations, and will not now be held to say that the acts of its officers were not authorized, or that the persons acting for it were not its officers.

I am of opinion, therefore, that the complainants in the amended bill are entitled to a decree foreclosing the deed of trust.

It will be so decreed.

### On Petition for Rehearing.

This cause came on to be heard upon the petition for rehearing. The petition is based upon the claim that by the Minnesota statute the contract is usurious; the main contention being that, by reason of the acceleration of the due date of the bonds secured by the deed of trust, the contract becomes usurious.

[4] As I understand the admission of counsel for the petitioner, there would be no usury, had the due date of the bonds been not accelerated by the trustee, pursuant to the deed of trust, for a default in the payment of interest and taxes, etc. This being so, and the contract not usurious at the time of making, the subsequent acceleration of the due date would not make it usurious. This I understand to be the law.

[5] Of course, this court will take cognizance of the laws of other states, and it is not necessary to plead or produce proof of same. The court in its opinion had reference rather to the contention of counsel for petitioner at the final hearing that "the contract was usurious under the laws of Florida."

The petition for rehearing will be denied.